UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JESSE MCCARTHAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:18-cv-00195-JMS-MJD |
| | ) | |
| J. E. KRUEGER Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**Order Denying Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Directing Entry of Final Judgment**

Jesse McCarthan, an inmate at the Federal Prison Camp at Terre Haute, Indiana, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons discussed in this Order, his petition for writ of habeas corpus is **denied.**

## I. Discussion

The writ of habeas corpus may be granted where the defendant is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). Mr. McCarthan asserts that the Federal Bureau of Prisons ("BOP") has failed to evaluate him for placement in a Residential Re-Entry Center ("RRC"), violated the Administrative Procedures Act ("APA"), 5 U.S.C. § 706(2)(A), by giving RRC placement to other similarly-situated inmates, and violated 18 U.S.C. § 3624(c)(1) of the Second Chance Act by denying him "the ability re-establish himself during the last months of his imprisonment effectively." Dkt. 1 at 21-3.

In response, the respondent argues that Mr. McCarthan's petition should be denied because he failed to exhaust his administrative remedies, and that his claims are precluded from review under the APA. Dkt. 6.

## A. Mr. McCarthan's Failure to Exhaust Administrative Remedies

Although "[t]he exhaustion requirement of the Prison Litigation Reform Act of 1995 (PLRA), 42 U.S.C. § 1997e(a), does not apply to habeas actions, *Walker v. O'Brien*, 216 F.3d 626, 633-37 (7th Cir. 2000), exhaustion of administrative remedies is still required. *See Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir. 2004) ("A common-law exhaustion rule applies to § 2241 actions even though § 1997e(a) does not."). The requirement of exhaustion is "judge-made for federal [habeas corpus cases]," *Greene v. Meese*, 875 F.2d 639, 640 (7th Cir. 1989), not a requirement of statute. The exhaustion requirement accomplishes two important policy objectives: protection of the agency's authority, and promotion of judicial economy. *Woodford v. Ngo*, 548 U.S. 81, 89 (2006).

In order for federal inmates to exhaust their administrative remedies, they must comply with the Administrative Remedy Program promulgated by the BOP, which "allow[s] an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). The process includes a request for informal resolution, formal request for remedy to the Warden (BP-9), appeal to the BOP Regional Director (BP-10), and appeal to the General Counsel in the BOP Central Office (BP-11). 28 C .F.R. §§ 542.13, 542.14, and 542.15. A federal inmate must complete all steps of the administrative remedy process prior to filing a habeas petition under § 2241, unless certain extenuating circumstances warrant an exception to the common law rule. "An inmate . . . must exhaust available remedies, but need not exhaust unavailable ones." *Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016). For example, an administrative procedure is unavailable when "it operates as a simple dead end," when it "might be so opaque that it becomes, practically speaking, incapable of use" or when "prison administrators thwart

2

inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 1860.

Here, Mr. McCarthan does not dispute that he failed to exhaust his administrative remedies. *See* dkt. 7 (Mr. McCarthan's reply). Although he filed three BP-9s relating to the issue of RRC placement, he failed to appeal any of the Warden's response to the BOP Regional Director.

Mr. McCarthan argues he should be excused from exhausting his administrative remedies asserting that (1) "BOP does not provide a genuine opportunity for relief," (2) he began the administrative process, and "decline to further it after being convinced verbally and in writing…that he would be considered for the Second Chance Act between the months of February and April 2018"; (3) he decided that to restart the administrative procedure after April 2018 passed would cause him to lose vital months in the legal process; and (4) BOP has established a clear and inflexible approach regarding RRC so exhaustion would be futile. Dkt. 7 at 5-6. Finally, Mr. McCarthan requests that the Court exercise its discretion and waive the exhaustion requirement because exhaustion is a judicially imposed requirement.

Mr. McCarthan has failed to show that the BOP's administrative remedies process "operates as a simple dead end" or that the process was "so opaque" that it was incapable of use. Nor does he identify machination, misrepresentation, or intimidation to prevent him from taking advantage of the grievance process. Thus, because he failed to exhaust his administrative remedies, Mr. McCarthan's petition for a writ of habeas corpus must be dismissed.

However, it appears to be in the interests of both justice and judicial efficiency that the merits of Mr. McCarthan's habeas claims be resolved. In *Lambrix v. Singletary*, 520 U.S. 518, 524 (1997), "the Supreme Court noted that its cases have 'suggest[ed] that the procedural-bar issue

3

should ordinarily be considered first.' Nevertheless, added the Court, it did 'not mean to suggest that the procedural-bar issue must invariably be resolved first; only that it ordinarily should be.'" *Brown v. Watters*, 599 F.3d 602, 609–10 (7th Cir. 2010) (quoting *Lambrix*, 520 U.S. at 525).

### B. Judicial Review of Mr. McCarthan's Claim is Precluded by the APA

Even if Mr. McCarthan properly exhausted his administrative remedies, his claims are not cognizable because this Court does not have the authority to review the BOP's placement decisions. Under the APA, "a person suffering a legal wrong because of agency action, or adversely affected or aggrieved by agency action, within the meaning of a relevant statute, is entitled to judicial review." 5 U.S.C. § 702. The APA does not apply, however, when a statute precludes judicial review. 5 U.S.C. § 701(a)(1). That is the case here. Title 18 U.S.C. § 3625 prohibits this Court from reviewing where the BOP has placed Mr. McCarthan under the Second Chance Act. "A placement decision itself is not open to challenge under the APA." *Richmond*, 387 F.3d at 605; *see also Eaton v. United States*, 176 F.3d 902, 903 (7th Cir. 1999) ("The Bureau's decision to transfer Eaton to the halfway house was not judicially reviewable. 18 U.S.C. § 3625."); *Lopez v. Rios*, 553 Fed. Appx. 610 ("An APA action contesting a discretionary denial of early release after successful completion of drug treatment indeed is categorically barred by § 3625") (7th Cir. 2014).

Thus, Mr. McCarthan's claim lacks merit, and his petition is denied on the merits.

### II. Conclusion

The writ of "habeas corpus is available to challenge the duration as well as the fact of custody." *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994). Because Mr. McCarthan fails

4

to bring a cognizable claim, Mr. McCarthan's petition for writ of habeas corpus will be **denied** and the action dismissed with prejudice.

Judgment in accordance with this Order shall issue.

**IT IS SO ORDERED.**

Date: 7/6/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

JESSE MCCARTHAN
08448-028
TERRE HAUTE - FCI
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
shelese.woods@usdoj.gov